

**UNITED STATES DISTRICT COURT** 2017 DEC 22 AM 9: 42

**MIDDLE DISTRICT OF LOUISIANA** SIGN_____ *LLH*

BY DEPUTY CLERK

## BILL OF INFORMATION FOR
## WIRE FRAUD AND NOTICE OF FORFEITURE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 17-164-SDD-EWD |
| | : | |
| *versus* | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| RALPH WILLARD SAVOIE | : | 28 U.S.C. § 2461(c) |

**THE ACTING UNITED STATES ATTORNEY CHARGES:**

**At All Relevant Times:**

1.      **RALPH WILLARD SAVOIE (SAVOIE)**, the defendant herein, was a resident of Baton Rouge and Mandeville, Louisiana.

2.      **SAVOIE** was a registered investment adviser who was associated with multiple brokerage firms, including Cambridge Investment Research, Inc. ("Cambridge") which was located in Iowa.  As a registered investment adviser, **SAVOIE**, who maintained offices in Baton Rouge and elsewhere, solicited and obtained money from multiple investors (the "victim investors").

3.      **SAVOIE** was associated with Cambridge from in or about July 2013 through in or about August 2015.

### The Scheme

4.      From no later than in or about January of 2013, until at least in or about March of 2016, in the Middle District of Louisiana and elsewhere, **RALPH WILLARD SAVOIE**, defendant herein, devised and intended to devise a scheme to defraud the victim investors and

to obtain money and property from the victim investors by means of materially false and fraudulent pretenses, representations, and promises.

**Manner and Means**

5.    The scheme to defraud and to obtain money and property was executed in the following manner:

    a.    It was part of the scheme that, from in or about January 2013, until at least in or about March 2016, **SAVOIE** solicited and obtained over $150,000 from the victim investors and used the funds for his own personal use, the use of others, and to make payments to other victim investors.

    b.    **SAVOIE** falsely represented to the victim investors that he would, among other things, invest their money in securities and insurance and to develop industrial cooling towers.

    c.    **SAVOIE** represented to the victim investors that he was associated with Cambridge, falsely portraying himself as a reputable and trustworthy financial professional.

    d.    **SAVOIE** used Cambridge forms to solicit and obtain funds from the victim investors.

    e.    Rather than invest the victim investor funds as promised, **SAVOIE** wrote checks to himself and his family, and paid off other investors who had previously invested their money with him.

    f.    Rather than invest the victim investor funds as promised, **SAVOIE** withdrew the funds in cash, invested them in a risky real estate venture, and spent them

on jewelry, hotels, and restaurants.

      g.     Rather than invest the victim investor funds as promised, **SAVOIE** used the funds to pay his credit card bills, car note, and rent.

      h.     In January 2013, **SAVOIE** solicited and obtained $70,000 from E.B., falsely promising to invest her funds in the stock market. However, rather than invest the funds as promised, **SAVOIE** invested the E.B. funds in a risky real estate venture.

      i.     In May 2013, **SAVOIE** solicited and obtained $20,000 from D.A. and J.A., falsely promising to invest their funds to develop industrial cooling towers. However, rather than invest the funds as promised, **SAVOIE** invested the D.A. and J.A. funds in a risky real estate venture.

      j.     In July 2013, **SAVOIE** solicited and obtained $50,000 from M.L. and J.L., falsely promising to invest their funds to develop industrial cooling towers and describing the investment as a "sure thing." However, rather than invest the funds as promised, **SAVOIE** used the M.L. and J.L. funds to (i) write checks to himself and to cash, and (ii) pay off an investor who had previously invested funds with **SAVOIE** and the caretaker of another investor.

      k.     In October 2014, **SAVOIE** solicited and obtained $30,000 from C.D., falsely promising to invest her funds in insurance and assuring her the investment was safe. However, rather than invest the funds as promised, **SAVOIE** (i) used the C.D. funds to pay off another victim investor, C.R., (ii) wrote checks to his family and himself, (iii) withdrew a portion of the funds in cash, and (iv) paid his rent.

l.     In April 2015, **SAVOIE** solicited and obtained $17,000 from C.R., falsely promising to invest his funds in securities, among other things.  However, rather than invest the funds as promised, **SAVOIE** (i) spent the C.R. funds on jewelry, hotels, and restaurants, (ii) wrote checks to himself and his family, and (iii) paid his credit card bills, car note, and rent.

m.     In October 2015, **SAVOIE** falsely represented to C.D. that he had invested her funds as promised.

n.     In March 2016, D.A. confronted **SAVOIE** about his investment after learning he may have been defrauded.  **SAVOIE**, who admitted it was illegal for him to invest D.A.'s funds in a risky real estate venture, falsely promised to return D.A.'s funds to him, as long as D.A. did not report the matter to law enforcement authorities.

### Act in Execution of Scheme

6.     On or about July 29, 2013, in the Middle District of Louisiana, **RALPH WILLARD SAVOIE**, defendant herein, having devised the above-described scheme, for the purpose of executing the scheme, and attempting to do so, knowingly caused to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, he faxed to Cambridge, an Iowa brokerage firm, a licensing invoice which allowed him to register as an independent financial professional.

The above is a violation of Title 18, United States Code, Section 1343.

### NOTICE OF FORFEITURE

7.     Upon conviction of the wire fraud offense alleged in this Bill of Information, the defendant, **RALPH WILLARD SAVOIE**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property constituting or derived from the

proceeds of the said violation, including but not limited to a sum of money equal to the amount of proceeds of the offense.

        8.     If any of the above-described forfeitable property, as a result of any act or omissions of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, by

Date: 12/21/17

COREY R. AMUNDSON
ACTING UNITED STATES ATTORNEY

RYAN REZAEI
ASSISTANT U.S. ATTORNEY

**Criminal Cover Sheet**    **U.S. District Court**

**Place of Offense:**

City          Baton Rouge

County/Parish   East Baton Rouge Parish

**Matter to be sealed:**    **X**  No _____  Yes

**Related Case Information:**

Superseding Indictment _____ Docket Number _____
Same Defendant _____         New Defendant ___X___
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name: Ralph Willard Savoie
Alias
Address
Birthdate          SS #          Sex          Race          Nationality

**U.S. Attorney Information:**

AUSA  Ryan Rezaei                          Bar #   CA 285133

**Interpreter:**  **X** No  Yes      **List language and/or dialect:**

**Location Status:**

Arrest Date   _____
_____   Already in Federal Custody as of
_____   Already in State Custody
_____   On Pretrial Release

**U.S.C. Citations:**

Total # of Counts:        3

| Index Key/Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | 1, 2 | Felony |
| 18 U.S.C. § 1028A(a)(1) | Aggravated Identity Theft | 3 | Felony |

**Date:**  12/22/17        **Signature of AUSA:** _____

**District Court Case Number (To be filled in by deputy clerk):** _____