# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                             CRIMINAL ACTION

VERSUS                                               17-164-SDD-EWD

RALPH WILLARD SAVOIE

## RULING

This matter is before the Court on the *Motion for Compassionate Release*[1] filed by Defendant, Ralph Willard Savoie ("Savoie"). The Government has filed an *Opposition*[2] to this motion, to which Savoie filed a *Reply*.[3] Because Savoie has failed to exhaust administrative remedies, this motion shall be denied.

## I.   BACKGROUND

Savoie is currently incarcerated at the low security Federal Correctional Institution in Beaumont, Texas ("FCI Beaumont Low") following his guilty plea to wire fraud. According to the BOP Inmate Locator, his projected release date is October 17, 2030.[4] At the time of the Government's response, no inmates and only one staff member at FCI Beaumont Low have tested positive for COVID-19.[5]

Savoie moves for compassionate release under the First Step Act, arguing that, at 72 years old and considering his plethora of serious health conditions, he is at an

---

[1] Rec. Doc. No. 88.
[2] Rec. Doc. No. 93.
[3] Rec. Doc. No. 96.
[4] https://www.bop.gov/inmateloc/.
[5] Rec. Doc. No. 93, p. 2.

increased risk of contracting COVID-19 as he is housed in a dormitory-style prison. Savoie notes that he has been a model prisoner, committed a non-violent crime, and has taken responsibility for his actions. Savoie claims he has exhausted his administrative remedies because "a request was made on his behalf to Warden Garrido requesting the BOP file a motion to the Court for a reduction in his sentence" on March 1, 2020—more than thirty days before he filed the instant motion.[6] A copy of this request is attached to his motion as Exhibit 1.[7]

However, as the Government points out, Savoie's Exhibit 1 is a letter by another inmate seeking compassionate release for himself and "similarly situated," but unnamed, inmates at FCI Beaumont Low. Nowhere does this letter specifically name Savoie; thus, this cannot be considered a request by Savoie for administrative relief. As indicated in the attached declaration from FCI Beaumont Low Case Management Coordinator Garod Garrison, prison policy does not allow inmates to file requests for reduction in sentence on behalf of other inmates.[8] Furthermore, Savoie does not fall within the group of inmates who are "similarly situated" to the letter's author because he has not "served a substantial portion" of his sentence—he has served less than two years of a 14-year sentence.[9] Because Savoie has not exhausted his administrative remedies, the Government contends his motion should be dismissed.

Savoie responds that, because Warden Garrido "has a pattern and practice of refusing to answer any request for a RIS," exhaustion of remedies should be deemed futile by the Court, and the Court should waive the exhaustion requirement and deem

---

[6] Rec. Doc. No. 88, p. 2.
[7] Rec. Doc. No. 88-1, p. 1.
[8] *See* Rec. Doc. No. 93-1.
[9] *See* Rec. Doc. No. 88-1.

Savoie's claims ripe for review.[10]

## II. LAW AND ANALYSIS

### A. Exhaustion of Remedies

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

As set forth above, Savoie has not submitted a request to the warden under the First Step Act, on his own behalf, detailing the basis upon which he seeks relief. Thus, he has failed to exhaust administrative remedies under the First Step Act. The Court declines Savoie's invitation to reverse its own prior holding, along with the holdings of numerous other district courts, that the exhaustion requirement under the First Step Act remains mandatory with respect to motions brought due to the COVID-19 pandemic.[11]

---

[10] Rec. Doc. No. 96, p. 2.
[11] *See United States v. Clark*, No. 17-85-SDD, 2020 WL 1557397 at *3 (M.D. La. Apr. 1, 2020) (Dick, J.); *see also*, *United States v. Nevers*, No. 16-88, 2020 WL 3077034 at *3 (E.D. La. June 10, 2020)(citing *United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *2 (D. Ariz. Nov.

Accordingly, Savoie's motion is not ripe for review. This motion will be denied without prejudice to Savoie's right to re-urge the merits of his motion following exhaustion under the First Step Act.

Accordingly, Savoie's *Motion for Compassionate Release*[12] is DENIED without prejudice.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 15, 2020.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

8, 2019) (citing *United States v. Solis*, No. CR 16-015-CG-MU, 2019 WL 2518452, at *2 (S.D. Ala. June 18, 2019) (denying request because defendant did not request compassionate release from Bureau of Prisons); *United States v. Dowlings*, No. CR413-171, 2019 WL 4803280, at *1 (S.D. Ga. Sept. 30, 2019))); *United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).
[12] Rec. Doc. No. 88.