**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA                            CRIMINAL ACTION

VERSUS                                    17-164-SDD-EWD

RALPH WILLARD SAVOIE

### <u>RULING</u>

This matter is before the Court on the *Motion to Vacate under 28 U.S.C. 2255*[1] filed by Defendant, Ralph Willard Savoie ("Defendant"). The Government has filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3]  In his Section 2255 motion, the Defendant claims he received ineffective assistance of counsel on several issues that subjected him to a substantially higher sentence than he should have received. For the reasons below, Defendant's motion shall be denied.

## I.    BACKGROUND FACTS

On March 26, 2018, Defendant pled guilty, pursuant to a plea agreement, to a Bill of Information charging him with one count of wire fraud in violation of 18 U.S.C. § 1343.[4] On November 13, 2018, Defendant was sentenced to 168 months in prison, following a lengthy hearing wherein the Court addressed several objections to the Pre-Sentence

---

[1] Rec. Doc. 84.
[2] Rec. Doc. 99.
[3] Rec. Doc. 100.
[4] Rec. Docs. 21 & 22.

Investigation Report ("PSR"),[5] and the Defendant took the stand to testify under oath.[6] Pursuant to the facts and recommendations in the PSR, and after hearing arguments and taking evidence on Defendant's objections, the Court found that several sentencing enhancements applied based on the nature of Defendant's criminal conduct.[7] The Court also determined that Defendant perjured himself during his testimony at the sentencing hearing by contradicting several statements made under oath at his re-arraignment hearing and in his plea agreement.[8] The Court referred the consideration of perjury charges to the United States Attorney's Office.[9] Based on Defendant's sentencing testimony, he lost points for Acceptance of Responsibility and received points for Obstruction of Justice,[10] which resulted in a total offense level increase of five points that greatly affected his guideline range.

With the assistance of same defense counsel, Defendant appealed the Court's sentence and judgment to the United States Court of Appeals for the Fifth Circuit; this appeal was dismissed over Defendant's opposition.[11] His petition for *certiorari* was denied by the United States Supreme Court.[12] Defendant timely filed this Section 2255 motion.

## II.  PARTIES ARGUMENTS, GENERALLY

Defendant contends his sentence and judgment should be vacated because he received ineffective assistance of counsel in several respects.  First, Defendant claims

---

[5] Rec. Doc. 29 (SEALED).
[6] Rec. Doc. 65.
[7] Rec. Doc. 73.
[8] *Id.*
[9] Rec. Doc. 65.
[10] Rec. Doc. 73, pp. 98, 108, 111.
[11] Rec. Doc. 82.
[12] Rec. Doc. 83. *See Savoie v. United States*, 140 S. Ct. 559 (2019) (No. 19-6314).

his counsel was ineffective: (1) by failing to object to the obstruction of justice enhancement and the loss of acceptance of responsibility;[13] (2) for coercing him into pleading guilty and agreeing to the factual basis set forth in the plea agreement over Defendant's objections; (3) by failing to argue the error of the Court's "perceived discrepancies" between Defendant's sworn statements at his re-arraignment and the sworn testimony he gave at his sentencing hearing due to counsel's "conflicting interests of self protection";[14] (4) by failing to persuade the Court that his sentence was wrongfully enhanced because his conduct was not a violation of securities law under U.S.S.G. § 2B1.1(b)(19)(A);[15] and (5) by raising only a frivolous claim on appeal due to counsel's purported conflict of self-protection.[16]

The Government opposes Defendant's motion, arguing that Defendant: (1) offers no evidence to support his claims that counsel coerced his guilty plea; (2) his commission of perjury was his choice; (3) Defendant's enhancements for violations of securities law were proper; (4) ineffective assistance of counsel claims are not generally cognizable on appeal but are more properly brought under Section 2255, which Defendant has done; and (5) Defendant has failed to carry his burden of proving either prong under *Strickland* for his ineffective assistance of counsel claims.[17]

---

[13] Rec. Doc. 84-1, p. 2.
[14] Rec. Doc. 84-1, p. 5.
[15] *Id*. at p. 6.
[16] *Id*. at p. 7.
[17] Rec. Doc. 99.

### III.    LAW & ANALYSIS

### A.    Section 2255 Standard

Under 28 U.S.C. § 2255, a federal inmate can file a motion to vacate, set aside, or correct their sentence if, "that sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." The Fifth Circuit has stated that, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised in a direct appeal and would, if condoned, result in a complete miscarriage of justice." [18]

"When a § 2255 motion is filed, the district court must first conduct a preliminary review."[19] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion."[20] If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action.[21] After reviewing the government's response along with any other relevant materials, the court must determine whether an evidentiary hearing is warranted.[22]   An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[23] No evidentiary hearing is required, however, if the

---

[18] *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).
[19] *United States v. Hutton*, No.16-184, 2020 WL 5517332, *2 (E.D. La. Sep. 14, 2020)
[20] Rules Governing § 2255 Proceedings, Rule 4(b).
[21] *Id.*
[22] Rules Governing § 2255 Proceedings, Rule 8.
[23] 28 U.S.C. § 2255(b).

movant fails to produce any "independent indicia of the likely merit of [his] allegations."[24] For reasons set forth herein, not hearing is warranted on this motion.

When a defendant has exhausted his right to appeal, his conviction and sentence are presumed to be fair and final.[25] Therefore, an issue raised for the first time in a motion pursuant to 28 U.S.C. § 2255 will be considered only if the defendant shows "cause" for his failure to previously raise the issue and "actual prejudice" resulting from the alleged error.[26] Vague or conclusory allegations are insufficient to raise a claim under 28 U.S.C. § 2255.[27]

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney and are provided a liberal construction.[28] Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."[29] Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition ... to be of probative evidentiary value."[30]

### B.  Ineffective Assistance of Counsel

Defendant's sole basis for the Section 2255 claims he asserts is the alleged ineffective assistance of his trial/appellate counsel. *Strickland v. Washington* articulates

---

[24] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).
[25] *United States v. Frady*, 456 U.S. 152,164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc).
[26] *Frady*, 456 U.S. at 167-68; *Shaid*, 937 F.2d at 232.
[27] *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).
[28] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[29] *Pineda*, 988 F.2d 22 at 23 (5th Cir. 1993)(citing *United States v. Woods*, 870 F.2d 285, 288 n. 3 (5th Cir. 1989)).
[30] *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

the standard for this claim.[31] In *Strickland*, the Supreme Court held that, to obtain relief, a defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.[32] A deficient performance is one in which the attorney's actions were unreasonable under prevailing professional norms.[33]  A defendant must prove both prongs to succeed in an ineffective assistance of counsel claim.[34]

To prevail on the deficiency prong, a petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[35] "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness."[36]  In analyzing counsel's performance, a reviewing court must take into account the reasonableness of counsel's actions under prevailing professional norms and in light of all of the circumstances.[37] The reviewing court must "judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."[38] Furthermore, a petitioner must overcome a strong presumption that defense counsel's conduct falls within a wide range of reasonable representation.[39] "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."[40]  With these principles in mind, federal habeas courts presume

---

[31] *Strickland v. Washington*, 466 U.S. 668 (1984).
[32] *Id.* at 687.
[33] *Id.* at 688.
[34] *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997).
[35] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).
[36] *Strickland*, 466 U.S. at 688.
[37] *Id.* at 689; *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009).
[38] *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)(quoting *Strickland*, 466 U.S. at 690).
[39] *Harrington v. Richter*, 562 U.S. 86, 104 (citing *Strickland*, 466 U.S. at 689).
[40] *Bell v. Cone*, 535 U.S. 685, 702 (citing *Strickland*, 466 U.S. at 689).

that trial strategy is objectively reasonable unless clearly proven otherwise.[41]

Prejudice occurs when there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different.[42] A reasonable probability is one that is sufficient to undermine confidence in the outcome.[43] Furthermore, "[t]he petitioner must 'affirmatively prove,' not just allege, prejudice."[44] This standard requires a "substantial," not just "conceivable," likelihood of a different result.[45] In making this determination as to prejudice, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial."[46] Thus, conclusory allegations of ineffective assistance of counsel, with no showing of effect on the proceedings, do not raise a constitutional issue sufficient to support federal habeas relief.[47]

      1. Coercion to Plead Guilty/Perjury at Sentencing Hearing

At the beginning of his re-arraignment hearing, the Court explained to the Defendant that he was under oath; thus, if he lied in answering any of the Court's questions, he could be charged with perjury; the Defendant stated that he understood this warning.[48] Later during this hearing, Defendant was asked the following about his attorney:

---

[41] *Strickland*, 466 U.S. at 689; *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004)(counsel's "'conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness.'")(quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)); *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008).

[42] *See United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998).

[43] *Strickland*, 466 U.S. at 694.

[44] *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 693).

[45] *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

[46] *Crockett v. McCotter*, 796 F.2d 787, 793 (5th Cir. 1986).

[47] *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)(citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

[48] Rec. Doc. 78, p. 3, lines 7-11.

THE COURT: YOU HAVE BEEN REPRESENTED BY MR. WYNNE IN THIS CASE?
THE DEFENDANT: YES, I HAVE.
THE COURT: AND HAVE YOU BEEN VERY CONFIDENT, OR HAVE YOU BEEN FULLY CONFIDENT IN HIS ABILITY TO GIVE YOU LEGAL ADVI[C]E?
THE DEFENDANT: YES.
THE COURT: YOU HAVE A GOOD RELATIONSHIP WITH HIM?
THE DEFENDANT: YES, I DO.
THE COURT: YOU ARE ABLE TO ASK HIM QUESTIONS, AND HE ANSWERS AND YOU HAVE CONFIDENCE IN HIS ADVICE AND COUNSEL?
THE DEFENDANT: VERY MUCH SO.[49]

After explaining the maximum penalties Defendant faced for the charge against him and the trial and appeal rights he was waiving by pleading guilty, the Court asked Defendant: "Has anybody coerced you, threatened you, promised you anything, induced you in any way to get you to enter a guilty plea?"  Defendant responded: "No."[50]

Defendant agreed under oath that he fraudulently took money from his victims, invested some of that money in a risky real estate venture that he also hid from them, and diverted some of this money for his and his family's personal use.[51] This was an admission that he had stolen money from investors who misplaced their trust in him.[52] After the factual basis of his plea agreement was authenticated and read in open court at the re-arraignment hearing, the Court asked: "Is there anything in that factual basis which is untrue?", to which Defendant responded: "No, no, Your Honor."[53]  The Court next asked Defendant: "Did anybody threaten you, or promise you, or coerce you in any way to enter into the plea agreement with the government?", to which Defendant responded, "No, Your

---

[49] *Id.* at p. 3, lines 12-23.
[50] *Id.* at p. 10, lines 21-24.
[51] Rec. Doc. 22, pp. 6-8.
[52] *Id.*; Rec. Doc. 78 at pp. 12-17.
[53] Rec. Doc. 78, p. 17, lines 13-14.

Honor."[54]

At his sentencing hearing, Defendant chose to testify under oath, and this testimony vastly contradicted his sworn statements to the Court at his re-arraignment and in the plea agreement. He now claims that his counsel is at fault for failing to explain to the Court the "perceived discrepancies" between his re-arraignment and sentencing testimony.[55] Defendant contends he had objections to the factual basis prior to pleading guilty, but his counsel "coerced [him] to proceed without expressing those objections to the Government or the Court."[56] Defendant avers that, after he swore under oath that he agreed with the factual basis and admitted the conduct contained therein, he advised his counsel about the "angst" he felt about certain "discrepancies."[57] Counsel allegedly advised that he would file objections to the PSR based on Defendant's concerns about the factual basis.[58] The record reflects that Defendant's counsel filed several objections to the PSR that the Court considered at his sentencing.[59]

Defendant argues that, at sentencing, his counsel asked him questions that caused his testimony to conflict with his prior sworn testimony at his re-arraignment. And, because his counsel failed to explain the "discrepancies" to the Court, the Court "was offended[,] finding it tantamount to perjury."[60] Defendant further argues that his counsel did this, along with waiving Defendant's Rule 32 objections, because of counsel's conflict of interest involving his own self-protection. Defendant posits counsel's conduct was to protect himself "from what likely would have been construed by the Court as subornation

---

[54] *Id.* at lines 19-22.
[55] Rec. Doc. 84-1, p. 4.
[56] *Id.*
[57] *Id.*
[58] *Id.*
[59] *See* Rec. Doc. 65.
[60] Rec. Doc. 84-1, p. 5.

of perjury," and counsel "sat by and allowed the Court to enhance Savoie's sentence in dramatic fashion by a minimum of six years without objection."[61]  Defendant contends counsel's conduct violated his Sixth Amendment right to conflict-free representation and also satisfies both prongs of *Strickland*.

First, the Government argues that Defendant is not entitled to a hearing based on the facts alleged.  The Government cites *United States v. Fuller*,[62] wherein the court held: "'Ordinarily a defendant will not be heard to refute his testimony given under oath when pleading guilty.'[63] If, however, the defendant offers specific factual allegations supported by the affidavit of a reliable third person, then he is entitled to a hearing on his allegations."[64] The Government correctly notes that Defendant has not offered an affidavit by a "reliable third person," only his own affidavit, which fails to establish his entitlement to a hearing.  The Fifth Circuit has also explained that "official documents—such as a written plea agreement—are entitled to a presumption of regularity and are accorded great evidentiary weight."[65] To merit an evidentiary hearing, "there must be independent indicia of the likely merit of the petitioner's contentions, and mere contradiction of his statements at the guilty plea hearing will not carry his burden. This requires specific factual allegations, typically supported by the affidavit of a reliable third person."[66]

---

[61] *Id.*
[62] 769 F.2d 1095 (5th Cir. 1985).
[63] *Id.* at 1099 (quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir.1979)(citing *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir.1975))).
[64] *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Matthews v. United States*, 533 F.2d 900, 902 (5th Cir.1976), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1156, 51 L.Ed.2d 571 (1977). *Accord United States v. Dabdoub-Diaz*, 599 F.2d 96, 100 (5th Cir.), *cert. denied*, 444 U.S. 878, 100 S.Ct. 164, 62 L.Ed.2d 107 (1979); *Frank v. United States*, 501 F.2d 173, 174 (5th Cir.1974)).
[65] *United States v. McDaniels*, 907 F.3d 366, 371 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2705 (2019) (citation and internal quotation marks omitted).
[66] *United States v. Smith*, 945 F.3d 860, 863 (5th Cir. 2019)(citations and internal quotation marks omitted).

The Government recounts the sworn statements Defendant made at his re-arraignment that he experienced no coercion or threats to plead guilty and his acknowledgement of the criminal conduct in the factual basis; the Government then cites Defendant's testimony at the sentencing hearing where he maintained those claims. Indeed, contrary to what Defendant now claims in the pending motion, near the end of the sentencing hearing, the Defendant agreed that he wished to maintain his guilty pleas; he rejected the notion that certain facts in the factual basis were not true and correct, testifying instead that he just "probably didn't understand it;"[67] he testified that he understood the plea agreement when he signed it, and he agreed at sentencing that the facts in the factual basis are "true and correct …in all respects."[68]  Near the conclusion of the sentencing hearing, as the Defendant was on cross-examination, the Government went back through specific paragraphs of the plea agreement relating to coercion and the fact that his attorney's representations about sentencing were only estimates and not binding on the Court.  Defendant testified that he understood those paragraphs at the time he signed the plea agreement, and he maintained the truth of his understanding at sentencing.[69]  The Government contends Defendant now denies the veracity of his prior sworn statements to the Court because he received a higher sentence after committing perjury in open court.

The Government also demonstrates that the conflicts between Defendant's plea agreement and his sentencing testimony are not "discrepancies" but material lies.[70]

---

[67] Rec. Doc. 73, p. 86.
[68] *Id.*
[69] *Id.* at pp. 87-88.
[70] The Government contends these lies were material because they "tend to negate the elements of wire fraud (*i.e.* the specific intent to defraud) – facts which he approved of in his plea agreement."  Rec. Doc. 99, p. 8 (citing Rec. Doc. 22 at 6, 8; 18 U.S.C. § 1343; *United States v. Phipps*, 595 F.3d 243, 245-246 (5th Cir. 2010)).

Defendant agreed to the factual basis, which stated that he used investor funds for personal expenses;[71] yet, at sentencing, Defendant testified that he did not "take a dime" of the investors' money for personal expenses.[72] Later in the sentencing hearing, he admitted that he had used some of the money for personal expenses.[73] Defendant also testified at sentencing that his brother took the investors' money, which contradicted his plea agreement wherein he admitted his responsibility for such conduct.[74] In direct contradiction of his plea agreement, Defendant testified that he never intended harm to anyone; he believed his real estate scheme would work and "everybody would get their money and be whole."[75] The Government argues that Defendant's sentencing testimony essentially summed up Defendant's belief that he was just a bad businessman or "not a very good accountant."[76] The Government submits that this testimony belied acceptance of responsibility, and that alone caused Defendant to lose those points, not the poor performance of his counsel.

Defendant filed a response to the Government's *Opposition*, referring to the Government's offering of record facts and evidence and applicable jurisprudence as "rather feckless," particularly the Government's claim that Defendant has offered no evidence to support his claims because he claims that his own "sworn statement is in fact such evidence."[77] However, it is Defendant's *Reply* that is unquestionably feckless. Defendant offered no response or countervailing jurisprudence to challenge the Government's correct statement of Fifth Circuit law that, under the circumstances alleged

---

[71] Rec. Doc. 73, pp. 96-98; 71-72; Rec. Doc. 22, pp. 6-8.
[72] Rec. Doc. 73, pp. 71-72.
[73] *Id.* at pp. 96-98.
[74] *Id.* at pp. 72; 96-98.
[75] *Id.* at pp. 70-71.
[76] *Id.* at pp. 72, 75, 97, & 109.
[77] Rec. Doc. 100, p. 1.

by Defendant, "the affidavit **of a reliable third person" is required for an evidentiary hearing**.[78] Moreover, Defendant failed to address or controvert **any** jurisprudence offered by the Government, and he failed to offer his own jurisprudence that would support the relief he now seeks.[79]

A wealth of jurisprudence from the Fifth Circuit and district courts in the circuit demonstrates that Defendant is not entitled to relief on his claim that counsel coerced his plea. For example, in *United States v. Cothran*,[80] the defendant argued that he did not "voluntarily enter the plea bargain because his attorney impermissibly pressured him to accept the plea."[81] The Court noted the standard to be applied to this type of claim:

> The defendant must enter the plea agreement voluntarily. *See Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Rule 11(d), Fed. R.Crim. P., requires the court to address the defendant in open court and determine that the plea is voluntary and not the result of unlawful force, threats, or promises. The Supreme Court has defined a voluntary plea:
>
>> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g., bribes).
>
> *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (internal quotations omitted) (quoting *Shelton v. United States*, 246 F.2d 571, 572 n. 2 (5th Cir.1972) (en banc), *rev'd on other grounds*, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)).[82]

---

[78] *See Fuller*, 769 F.2d at 1099.

[79] In his initial motion, Defendant cites general law on the legal standards applicable to an ineffective assistance of counsel claim; however, he provides no legal or jurisprudential authority for the arguments he makes regarding his counsel's conduct. And while his sworn Affidavit may constitute "evidence" in this matter, he has in no way shown that he is credible. In fact, his conflicting, perjurious testimony at his re-arraignment and sentencing hearings drastically undermines his credibility. Indeed, the arguments Defendant makes in this motion only serve to bolster the Court's denial of acceptance of responsibility.

[80] 302 F.3d 279 (5th Cir. 2002).

[81] *Id.* at 283.

[82] *Id.*

During the plea colloquy, Cothran confirmed that his plea was freely and voluntary made with the advice of counsel; he had discussed the matters with his attorney; and he was satisfied with his attorney's advice.[83] When asked by the court "[d]id anybody lean on you, twist your arm, use undue persuasion to cause you to enter a plea of guilty today?", Cothran responded "no, sir."[84] The Fifth Circuit reinforced the principle that "[r]eviewing courts give great weight to the defendant's statements at the plea colloquy."[85]

On appeal, Cothran argued that "the general mental strain of the situation and his attorney's heavy-handed advice compromised voluntariness."[86] Cothran claimed to the Fifth Circuit that, on the day he was scheduled to sign his plea agreement, he changed his mind.[87]  His attorney informed the Government and then "warned Cothran that 'you have made it bad for yourself.'"[88] Allegedly, Cothran's attorney had previously advised him that "his own 'opening statement will convict you.'"[89] Thus, Cothran reversed again and decided to plead guilty.[90]  The court rejected Cothran's claims:

> A defense attorney should make informed predictions about the consequences of either pleading guilty or going to trial. We have held that a defense lawyer's stern warnings about the client's chances of success at trial, the potential for prison time, and the lawyer's potential withdrawal do not compromise voluntariness. Even if Cothran's lawyer warned that he would almost certainly lose at trial and face a harsh sentence, these were warnings, not threats. Cothran's statements during the plea colloquy should control.

---

[83] *Id.*
[84] *Id.*
[85] *Id.* at 283-84 (citing *Blackledge v. Allison*, 431 U.S. 63, 73, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Abreo*, 30 F.3d 29, 31 (5th Cir.1994)(placing great weight on defendant's statements at plea colloquy); *United States v. Maldonado–Rodriguez*, 64 F.3d 719, 733 (1st Cir.1995) (giving credence to finding, at plea colloquy, that defendant had not been pressured rather than to defendant's later, self-serving statements))(internal quotation marks omitted).
[86] *Id.* at 284.
[87] *Id.*
[88] *Id.*
[89] *Id.*
[90] *Id.*

Cothran also states that his counsel "told [him] to sign [the] rule 11 package without any consultation as to its content." Cothran's position **flatly contradicts** the statements he made at the plea colloquy. The court asked Cothran whether he had consulted with his lawyer about the plea, the bill of information, and the constitutional rights that he was waiving. Cothran responded that he had so consulted with his lawyer. Once again, **we give the statements during the colloquy greater weight than we give unsupported, after-the-fact, self-serving revisions.**

If, on the other hand, by the rather cryptic statement in his appellate brief, Cothran means that he did not have an opportunity to read the plea or bill of information, then it is irrelevant. We have held that a defendant's after-the-fact testimony that he did not read the plea is irrelevant where the colloquy demonstrates that he understood the plea. *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir.1992). We reject Cothran's arguments that he did not enter the plea voluntarily.[91]

In *United States v. Breaux*,[92] the District Court for the Eastern District of Louisiana addressed a claim brought by a defendant who argued that his counsel coerced him into entering a guilty plea. The court noted that "Breaux's '[s]olemn declarations in open court carry a strong presumption of verity.'"[93]  The court relied on the Fifth Circuit's decision in *United States v. Abreo*, wherein the court "found that a signed, unambiguous plea agreement should be 'accorded great evidentiary weight' when determining whether a plea was entered knowingly and voluntarily."[94]

The record demonstrated that the court conducted a proper Rule 11 colloquy in which it advised Breaux and determined that he understood, among other things, the nature of the charge to which he was pleading guilty, the maximum punishment of imprisonment and fines for conviction, and the terms of post-imprisonment supervision.[95]

---

[91] *Id.* at 284 (emphasis added).
[92] No. 12-317, 2016 WL 1408541 (E.D. La. Apr. 11, 2016).
[93] *Id.* at *13 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977)).
[94] *Id.* (quoting *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994)).
[95] *Id.*

During the re-arraignment, "the court specifically confirmed that Breaux understood the terms and conditions of the plea agreement and that he had not been induced or persuaded to plead guilty because of any promises or threats made by anyone."[96] Thus, the court held that Breaux failed to carry his burden of showing that counsel performed deficiently by allegedly coercing him into entering a guilty plea.[97]

Similarly, in *United States v. Bocanegra*,[98] a federal district court in Texas addressed Bocanegra's claims "largely premised on the allegation that his attorney coerced him into signing a plea agreement and entering a guilty plea against his will; that is, that his plea was unknowing and involuntary."[99]  The court set forth the applicable standard:

> A trial judge is required to ensure that a guilty plea is knowing and voluntary. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir.1995). The defendant must "'[have] a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). The Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) a full understanding of the charges; and (3) a realistic appreciation of the consequences of the plea. *United States v. Gracia*, 983 F.2d 625, 627–28 (5th Cir.1993). Compliance with the requirements of Rule 11 of the Federal Rules of Criminal Procedure provides "prophylactic protection for the constitutional rights involved in the entry of guilty pleas." *Id*. at 627.[100]

During Bocanegra's re-arraignment hearing, the judge inquired whether anyone had tried to force, threaten, or coerce him to enter a guilty plea against his will, or made any type of promise in an effort to obtain his plea; Bocanegra responded in the

---

[96] *Id.*
[97] *Id.*
[98] Nos. 3-07-CR-0190-K(3), 3-09-CV-1006-K, 2010 WL 2175851 (N.D. Tex. May 26, 2010).
[99] *Id.* at *2.
[100] *Id.*

negative.[101] Bocanegra confirmed that the plea agreement and factual basis were read to him in Spanish, and he signed them voluntarily and of his own free will. He further indicated that the facts set forth in the factual basis were true. The factual resume contained the essential elements of each offense of conviction. Bocanegra also acknowledged the appellate waiver and assured the judge that it was entered into knowingly and voluntarily.[102] The court found that "[t]his sworn testimony carries a strong presumption of veracity in a subsequent habeas proceeding."[103]

The court noted that Bocanegra did not provide any evidence of improper representations by counsel or indicate when or where they were allegedly made; he also never identified any eyewitnesses to the alleged statements.[104] The court found that Bocanegra's "sworn testimony and the plain terms of the plea agreement and factual resume clearly refute the allegations that counsel had" made the promises Bocanegra alleged.[105] Rather, the court found:

> The plea agreement, factual resume, and defendant's statements during his Rule 11 hearing were clear and unambiguous: defendant freely and voluntarily pled guilty to count five. Defendant's colloquy with the court expressly contradicts the existence of any promises or agreements not contained in the plea agreement. **A habeas petitioner's self-serving assertion, after the fact, that he was persuaded or coerced into entering a guilty plea by counsel is in and of itself insufficient to establish that his plea agreement was involuntary.** *See Wisener v. Thaler*, No. 4–09–CV–359–Y, 2010 WL 546738 at *5 (N.D.Tex. Feb.17, 2010) (citing cases). Accordingly, defendant is not entitled to an evidentiary hearing, and his claim that his guilty plea to count five was involuntary is overruled.[106]

---

[101] *Id.*
[102] *Id.*
[103] *Id.* (citing *Blackledge*, 431 U.S. at 73-74).
[104] *Id.* at *3.
[105] *Id.*
[106] *Id.* (emphasis added).

The jurisprudence discussed above easily forecloses Defendant's claim that he was coerced into pleading guilty and entering into a plea agreement with the Government. Defendant's claim of coercion is without merit.

### 2.  Counsel's Alleged Fault for Five Point Increase in Guideline Range

Defendant's ineffective assistance of counsel claim, based on the loss of acceptance of responsibility points and the addition of obstruction of justice points for perjury, fares no better under applicable jurisprudence.  Defendant blames counsel both for his commission of perjury and failing to "explain away" the "perceived discrepancies" that led the Court to the purportedly unwarranted finding that Defendant committed perjury at sentencing.  After applying the relevant law to the facts of this case, the Court finds that Defendant is not entitled to relief on this claim.

In *United States v. Sustaita*, the Fifth Circuit addressed an appeal brought by a defendant who challenged the district court's finding of perjury and removal of an acceptance of responsibility adjustment based on the defendant's untruthful testimony at his sentencing hearing.[107] Noting the propriety of the district court's removal of acceptance points and addition of obstruction points, the court explained:

> Although Sustaita's testimony at sentencing was not "material" to his guilt or innocence, it was "material" to a relevant issue at sentencing: the recommendation to deny a reduction for acceptance of responsibility. *See United States v. Storm*, 36 F.3d 1289, 1297 (5th Cir.1994)("Material" testimony is that which, "if believed, would tend to influence or affect the issue under determination"). The district court's conclusion that Sustaita intentionally gave false testimony with the intent of trying to influence the Court on this issue also satisfied the requirement of a finding of an obstruction of justice "that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95, 113 S.Ct. 1111.[108]

---

[107] 118 Fed. Appx. 864 (5th Cir. 2005).
[108] *Id.* at 865-66.

As to removing the acceptance of responsibility adjustment based on this false testimony, the Fifth Circuit stated: "A district court's determination that a defendant is not entitled to an adjustment for acceptance of responsibility is entitled to great deference and should not be disturbed unless it is 'without foundation'."[109] The court found that "Sustaita tried to mitigate his guilt by indicating that he felt compelled to escape because of unwanted sexual advances. By providing false information in an attempt to minimize his conduct, Sustaita failed to clearly demonstrate acceptance of responsibility."[110]

In *United States v. Quinones*, the Fifth Circuit addressed an appeal by a defendant who was found to have perjured himself at his sentencing.[111]  The defendant argued that the district court erroneously determined that he committed perjury and, thus, erred by increasing his sentence for obstruction of justice and denying him an adjustment for acceptance of responsibility.[112]  The Fifth Circuit rejected the defendant's arguments:

> Based on the considerable uncontested evidence contained in the presentence report and elsewhere in the record regarding Quinones' active participation in the conspiracy, and giving the deference due to the district court's credibility findings, *see United States v. Sotelo*, 97 F.3d 782, 789 (5th Cir.1996), the determination that Quinones committed perjury during his sentencing hearing when he disavowed knowledge of the cash and weapons that were stashed in his home is not error, plain or otherwise. Moreover, the district court's finding that Quinones intentionally provided false testimony on a material issue with the intent to persuade the court to lower his sentence provided the requisite elements of a perjury determination and therefore warranted application of the obstruction of justice guideline. *See United States v. Cabral-Castillo*, 35 F.3d 182, 186 (5th Cir.1994) (the district court's finding is sufficient if it encompasses the factual predicates for perjury).[113]

---

[109] *Id.* at 866 (quoting *United States v. Washington*, 340 F.3d 222, 227 (5th Cir.), *cert. denied*, 540 U.S. 1081, 124 S.Ct. 942, 157 L.Ed.2d 757 (2003)).
[110] *Id.*
[111] 71 Fed. Appx. 319, 320 (5th Cir. 2003).
[112] *Id.*
[113] *Id.*

Turning to acceptance of responsibility, the court noted that "[c]onduct resulting in an enhancement for obstructing justice ordinarily indicates that a defendant has not accepted responsibility for his criminal conduct, although both adjustments may apply in 'extraordinary' cases."[114]  The Fifth Circuit rejected the defendant's arguments, finding that "[t]he district court's conclusion that Quinones did not fully accept responsibility for his crime because he lied about possessing cash and weapons, when in fact he did possess cash and weapons, is not error, plain or otherwise."[115]

Similar to Defendant's claims in the present matter, in *United States v. Mackay*, the defendant blamed his counsel for the loss of acceptance of responsibility points at sentencing.[116]  The Fifth Circuit explained the applicable sentencing guidelines regarding acceptance of responsibility:

> Section 3E1.1 of the United States Sentencing Guidelines provides for a two- or three-level reduction in offense level when "the defendant clearly demonstrates acceptance of responsibility for his offense." The application notes to that section provides:
>
>> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct ... will constitute significant evidence of acceptance of responsibility for purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.[117]

---

[114] *Id.* (quoting U.S.S.G. § 3E1.1, comment. (n.4)).
[115] *Id.* at 320-321.
[116] Nos. 3:97CR0208T(01), 3:04-CV-0413-D, 2007 WL 700895 (N.D. Tex. Mar. 6, 2007).
[117] *Id.* at *30.

In *Mackay*, the Fifth Circuit found that the defendant had showed "no specific deficiency of counsel that led to the denial of the reduction for acceptance of responsibility."[118] Specifically, the court stated:

> [The defendant's] repeated attempts to withdraw his plea are inconsistent with acceptance of responsibility. His statements at sentencing show no disagreement with counsel's efforts to withdraw his plea but instead reflect complete agreement with the efforts. Such statements clearly reflect conduct that is inconsistent with acceptance of responsibility, *i.e.*, claiming innocence, contesting various aspects of the case against him, stating that "there is no case because it won't go past probable cause", and contesting the veracity of phone calls that connected him to various co-defendants. (*See* Tr. Sentencing II at 43-60.) Based upon this conduct which was inconsistent with acceptance of responsibility, the Court denied the reduction of offense level for such acceptance. No deficiency of counsel resulted in such denial. This claim of ineffective assistance of counsel entitles movant to no § 2255 relief.[119]

The legal principles discussed above are directly applicable to Defendant's claim that his counsel is responsible for his commission of perjury and the five additional points resulting from obstruction of justice and the loss of acceptance of responsibility.  Applying the jurisprudence to the facts of this case, the Court finds that it is Defendant's conduct and untruthful testimony at sentencing which were directly at odds with the factual basis in the plea agreement and the elements of the crimes to which he pled guilty. Defendant has failed to demonstrate that he was coerced by counsel to enter into a plea agreement or enter a guilty plea, and he has failed to demonstrate that counsel's performance at his sentencing caused him to receive a harsher sentence.  This ineffective assistance of counsel claim is without merit.

---

[118] *Id.*
[119] *Id.*

### 3.  Sentencing Enhancements for Violating Securities Law

Initially, in Defendant's memorandum supporting his motion, he insisted that the enhancements applied at sentencing for violations of securities fraud constituted legal error because his crime did not involve securities law.[120]  He also claimed his counsel was ineffective in failing to object to these enhancements, a claim demonstrated to be false by the record set forth above.[121]  The Government noted that Defendant's counsel did raise an objection to the securities law enhancement, which was  met by the argument from the Government which detailed the securities law violations.[122]   In his *Reply*, Defendant concedes that his conduct violated securities law:

> With a clearer understanding of the basis of the enhancement related to the securities violations, Savoie concedes this point.  He does still believe his conduct was not meant to cause injury to those for whom he provided representation[;] he understands the circumstances put in place by his counsel do support such an enhancement.[123]

Accordingly, Defendant's claim of ineffective assistance of counsel based on the enhancements applied to his sentence for violations of securities law is denied. His counsel did lodge objections to some of the enhancements; however, the enhancements were correctly applied based on Defendant's conduct, not because of the fault of counsel. This claim is without merit.

### 4.  Conflict-Free Counsel under the Sixth Amendment

Finally, Defendant claims that his counsel's performance at sentencing and in filing his appeal was constitutionally deficient because of counsel's need for self-protection. Defendant contends this conflicted representation violated both prongs of *Strickland*. At

---

[120] *See* Rec. Doc. 84-1, p. 6.
[121] *See* Rec. Docs. 73, pp. 98-06; 55, pp. 17-18.
[122] Rec. Doc. 99, pp. 11-16.
[123] Rec. Doc. 100, p. 2.

sentencing, Defendant contends counsel "had allowed the contested language in the Plea Agreement to stand, had then filed Rule 32 objections to the use of that language in the PSR, and …inquired of its truthfulness at sentencing"; yet, when the Court "construed the discrepancies … as perjury," his counsel waived those objections without further discussion "to protect himself from what likely would have been construed by the Court as subornation of perjury …"[124]

Defendant contends this same conflict of self-protection caused counsel to raise only a frivolous claim on appeal – that the Court abused its discretion and imposed an unreasonable sentence based on refusing to grant Defendant acceptance of responsibility.   Defendant complains that counsel did not raise a meritorious claim on appeal because he had to assure that "no valid attack would be made pointing the finger at him for his suborned perjury based on his refusal to correct the record[.]"[125]   Defendant contends that, because of his counsel's "competing self-protective interest, [Defendant] was denied any real opportunity for a direct appeal.  [Defendant] asserts this action was an intentional, if not criminal, interference with justice in this case" by his counsel.[126]

As to Defendant's first conflict claim regarding counsel's conduct at his sentencing hearing, the Court denies this claim for lack of evidence and legal support.   First, Defendant's claim that counsel failed to raise objections at sentencing is false, as demonstrated above.  Next, Defendant's allegation that counsel failed to ask him certain question out of self-preservation is purely speculation on the part of Defendant, and he offers no facts or jurisprudence to support such a claim.  Furthermore, to the extent this

---

[124] Rec. Doc. 84-1, p. 5.
[125] *Id*. at p. 7.
[126] *Id*.

issue is intertwined with the validity of his plea agreement and his sworn statements therein, this claim is also denied for the reasons set forth above.

Turning to Defendant's second conflict claim that counsel's self-preservation caused his purported failure to raise a meritorious appeal claim, the Court finds that this claim also lacks merit. As the Government notes, Defendant knowingly and intelligently waived most appeal rights in his plea agreement.[127] The exceptions to this waiver were explicitly set forth in the plea agreement: (1) an action challenging a sentence in excess of the statutory maximum, (2) any upward departure pursuant to the sentencing guidelines, (3) any variance above the guidelines range, and (4) any claim of ineffective assistance of counsel.[128] The Government argues Defendant's appeal was dismissed because counsel's argument did not fall within one of these exceptions, and the first three exceptions did not occur in this case: Defendant "was not sentenced above the statutory maximum, he did not receive any departures, nor did this Court vary from the guideline range."[129]

As demonstrated here, Defendant did not lose the right on appeal to challenge the effective assistance of his counsel, which is appropriately brought under Section 2255. The Government correctly notes that, typically, ineffective assistance of counsel claims are not properly raised on appeal.[130] Defendant's conflict claims are without merit.

---

[127] Rec. Doc. 22, pp. 11-12.
[128] *Id.* at p. 12.
[129] Rec. Doc. 99, p. 17 (citing Rec. Doc. 69, p. 2; Rec. Doc. 70, pp. 2-4; 18 U.S.C. § 1343).
[130] *Id.* at p. 3 (citing *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014)).

## IV.    CONCLUSION

This case is perhaps summed up best by Defendant's statement that "[he] is not attempting to lay blame on his counsel."[131]   Despite this shameless and demonstrably false statement, Defendant has done nothing in his motion **but** blame his counsel, even going so far as to suggest that his counsel's performance might be criminal.  Defendant's arguments likewise demonstrate that he persists in refusing to accept responsibility for the crimes to which he pled guilty.  Defendant failed to support any of his claims with sufficient evidence or jurisprudence and failed to respond to, or controvert, any evidence and jurisprudence offered by the Government.  For the foregoing reasons, Defendant's *Motion to Vacate under 28 U.S.C. 2255*[132] is DENIED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 25th day of January, 2023.

_____
**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[131] Rec. Doc. 100, p. 2.
[132] Rec. Doc. 84.